FILED
2003 SEP -5 AM 10: 17
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PREFERRED UNDERWRITING
ALLIANCE, INC.,

    PLAINTIFF,

vs.                     CASE NO. CV 03-J-1763-S

SOUTHTRUST BANK, MUTUAL
INDEMNITY (BERMUDA), LTD.,
MUTUAL HOLDINGS (BERMUDA),
LTD., and COMMONWEALTH RISK
SERVICES, L.P.,

    DEFENDANTS.

ENTERED
SEP 5 2003

## MEMORANDUM OPINION

This matter is before the court on the plaintiff's motion to remand (doc. 7). Defendants Mutual Indemnity and Mutual Holdings removed this action from the Circuit Court of Jefferson County, Alabama, asserting that this court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1446(b).[1] Notice of Removal at 5 (doc. 1). These two defendants allege that non-diverse defendant SouthTrust was fraudulently joined for the purpose of defeating diversity jurisdiction. Notice of Removal at 7. Plaintiff's stated a cause of action against SouthTrust for injunctive relief to prevent payment on a $1.5 Million letter of credit obtained by the plaintiff for the benefit of Mutual Indemnity. Mutual Indemnity thereafter withdrew its sight draft and waived its right to draw on the letter of credit, leading to defendants Mutual Indemnity's and

---

[1] Defendant Commonwealth Risk Services, L.P. joined in the removal by means of a letter addressed to the United States District Court for the Northern District of Alabama and submitted as Exhibit C to the Notice of Removal.

Mutual Holdings' assertion that the plaintiff's claim for injunctive relief against SouthTrust is moot. *See* Exhibits A and D to Notice of Removal. The fact that plaintiff thereafter refused to voluntarily dismiss SouthTrust from this action has lead the defendants to argue that SouthTrust was fraudulently joined. The plaintiff has added a claim for declaratory relief for attorney fees SouthTrust claims from the plaintiff.

The plaintiff has filed a motion to remand (doc. 7), asserting that SouthTrust is a proper party to this litigation and that the removal is untimely as no "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" has been filed with the court. *See* motion to remand, ¶ 2 and ¶ 3, and n. 1; 28 U.S.C. § 1446(b). Defendant SouthTrust filed a response to the plaintiff's motion to remand (doc. 13), alleging that SouthTrust is a proper party to the litigation.

"Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity – every plaintiff must be diverse from every defendant." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996), rev'd on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). *See also Carden v. Arkoma Associates*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1017, 94 L.Ed.2d 615 (1990) ("Since its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship"); citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806).

The only means by which this case may remain in this court is if the lack of diversity which appears on the face of the complaint is through the fraudulent joinder of the non-diverse party, as alleged by defendants Mutual Indemnity and Mutual Holdings.

> Joinder has been deemed fraudulent in two situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir.1983), superceded by statute on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.,* 991 F.2d 1533 (11th Cir.1993) .... In the instant case, we concern ourselves only with the first and third types of fraudulent joinder. Turning to the first type, "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker,* 709 F.2d at 1440-41. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998).

The defendants, as the parties removing the action to federal court, have the burden to establish federal jurisdiction. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir.1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996). All doubts (and uncertainties) about federal court jurisdiction must be resolved in favor of a remand to state court. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)); *Diaz*, 85 F.3d at 1505.

The court finds the plaintiff's claim for a declaratory judgment as well as SouthTrust's counterclaim for attorney fees, costs and expenses against the plaintiff are valid causes of action. Additionally, the later withdrawal of the demand for payment by defendant Mutual Indemnity does not make defendant SouthTrust fraudulently joined.

Having reviewed the allegations of the parties, particularly SouthTrust's argument that it is a necessary party to this action, the court finds that the plaintiff does have a valid cause of action against the non-diverse defendant and that complete diversity between all parties is lacking. *See* 28 U.S.C. §§ 1332 and 1441(b)("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought").

The court, having considered the foregoing and finding that this case has been improvidently removed, shall remand this case to the Circuit Court of Jefferson County, Alabama, by separate Order.

**DONE** this the ____4____ day of September, 2003.

                                                                               _____
                                                                               INGE P. JOHNSON
                                                                               UNITED STATES DISTRICT JUDGE